IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00553-BNB

JAMES VANCE NICHOLSON,

Plaintiff,

v.

EVANS POLICE DEPARTMENT, A Municipal Corporation,
CITY OF GREELEY, A Municipal Corporation,
GLIVA, Greeley Police Officer,
CITY OF EVANS, A Municipal Corporation,
JANE DOE, Evans Police Officer,
JOHN DOE, Evans Police Officer,
HERITAGE INN-HOWARD JOHNSON HOTEL,
LYNN BROKAW, Heritage Inn-Howard Johnson Hotel Employee, and
GREELEY POLICE DEPARTMENT, A Municipal Corporation,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -1 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James Vance Nicholson, currently is detained at the Weld County Jail in Greeley, Colorado. Mr. Nicholson initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages.

The Court must construe the Complaint liberally because Mr. Nicholson is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Nicholson will be ordered to file an Amended Complaint, name only proper parties to the action, and assert personal participation by proper parties.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Nicholson may not sue Defendants Evans Police Department and Greeley Police Department because they are not separate entities from the City of Evans and the City of Greeley and are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the police departments must be considered as asserted against the appropriate City.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Nicholson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Nicholson also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Nicholson must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.

*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Nicholson is directed to file an Amended Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Nicholson to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Nicholson may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Nicholson uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Nicholson file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Nicholson, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Nicholson fails to file an Amended Complaint within the time allowed the action will be dismissed without further notice.

DATED April 1, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00553-BNB

James Vance Nicholson
Prisoner No. 60697
Weld County Det. Facility
2110 'O' Street
Greeley, CO 80631

James Vance Nicholson
13757 E. Marina Drive Unit A
Aurora, CO 80014

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 4/1/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk