IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00553-BNB

JAMES VANCE NICHOLSON,

    Plaintiff,

v.

CITY OF GREELEY, A Municipal Corporation,
CITY OF EVANS, A Municipal Corporation,
HERITAGE INN, Howard Johnson Hotel,
GLIVA, Greeley Police Officer,
JOHN DOE, Evans Police Officer, and
JANE DOE, Evans Police Officer,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 22 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff James Vance Nicholson currently is detained at the Weld County Jail in Greeley, Colorado. Originally on March 2, 2009, Mr. Nicholson submitted to the Court a Prisoner Complaint asserting that his Fourth Amendment rights were violated when three police officers entered his room at the Heritage Inn and conducted an illegal search and seizure.

Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that Mr. Nicholson failed to assert personal participation by properly named defendants. Mr. Nicholson was directed to amend the Complaint and correct the deficiencies. On April 9, 2009, Mr. Nicholson filed an Amended Complaint. In the Amended Complaint, Mr. Nicholson asserts that Officer Gliva, without a warrant, coerced the hotel manager at

the Heritage Hotel, in Evans, Colorado, to provide him access to Mr. Nicholson's hotel room. Mr. Nicholson contends that as a result Defendant Gliva and other police officers conducted an illegal search and seizure and arrest, and he wrongfully was detained in jail for six months, when his case was dismissed. Mr. Nicholson seeks money damages.

With respect to the claims asserted against Defendant Gliva, the action will be drawn to a district judge and to a magistrate judge.

Magistrate Judge Boland informed Mr. Nicholson, in the April 1, 2009, Order, that municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). Mr. Nicholson further was instructed that he must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged if he seeks to name a city as a defendant. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Magistrate Judge Boland also informed Mr. Nicholson that he cannot state a claim for relief against a city under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Mr. Nicholson has named the City of Greeley and the City of Evans as defendants in the Amended Complaint but has failed to show that a policy or custom exists and that there is a direct causal link between the policy or custom and his alleged injury. The facts Mr. Nicholson asserts do not support arguable claims against named Defendants City of Greeley and City of Evans. Therefore, Defendants City of Greeley

and City of Evans will be dismissed from the action.

Mr. Nicholson also does not assert how Defendant Heritage Inn violated his Fourth Amendment rights simply because an employee opened the door of his hotel room to allow the police officers to enter. Mr. Nicholson must assert that the Heritage Inn personally participated in the alleged constitutional violation, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that the hotel acted under color of state law, *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Because Mr. Nicholson fails to assert that Defendant Heritage Inn participated in the alleged violations or acted under color of state law, Defendant Heritage Inn will be dismissed from the action. Accordingly, it is

ORDERED that Defendants City of Greeley, City of Evans, and Heritage Inn are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants City of Greeley, City of Evans, and Heritage Inn from the docketing record as parties to this action. It is

FURTHER ORDERED that the claim asserted against Defendant Gliva shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 22 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00553-BNB

James Vance Nicholson
Prisoner No. 60697
Weld County Det. Facility
2110 'O' Street
Greeley, CO 80631

James Vance Nicholson
13757 E. Marina Drive Unit A
Aurora, CO 80014

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/22/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk