IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00553-MSK-MJW

JAMES VANCE NICHOLSON,

        Plaintiff,

v.

GLIVA, Greeley Police Officer,
JOHN DOE, Evans Police Officer, and
JANE DOE, Evans Police Officer,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendant Eric Gliva's Motion to Dismiss **(#22)**, to which Plaintiff responded[1] **(#25)**, and Officer Gliva replied **(#26)**. Having considered the same, the Court **FINDS** and **CONCLUDES** that

### I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Material Facts

Construing Mr. Nicholson's allegations most favorably to him, the Court finds that the Amended Complaint **(#11)** alleges the following facts. On July 7, 2006, in the course of investigating some sort of criminal activity, Officer Gliva gained entry into Mr. Nicholson's motel room with the help of the manager of the motel. Based on the search of his room, Mr.

---

[1] Docket No. 25 is not titled a response, but the Court construes it as such because it addresses the statute of limitations issue raised in the Motion to Dismiss.

Nicholson was arrested and charged in state court with criminal activity. The state court, however, determined that the search was unconstitutional and suppressed all resulting evidence. The state charges against Mr. Nicholson were subsequently dismissed on or about February 17, 2007.[2]

In this action, Mr. Nicholson contends that the search of his room and resulting arrest violated his Fourth Amendment right to be free from unreasonable search and seizure and constituted an unlawful invasion of his privacy rights. Construing his Amended Complaint liberally,[3] the Court understands these claims to be in the nature of unconstitutional search and seizure and unlawful imprisonment.[4]

At Mr. Nicholson's request, the Court also takes judicial notice of the pleadings in Civil Action No. 08-cv-02819 that Mr. Nicholson filed on December 31, 2008. In that action, Mr. Nicholson asserted the same claims, and filed a letter advising the Court that his address was:

---

[2] The Amended Complaint does not specify the date for dismissal of the state charges. In the initial Complaint (**#3**), however, Mr. Nicholson states that the charges against him were dismissed on February 17, 2006. As he was not arrested until July 7, 2006, the Court understands Mr. Nicholson to have mistakenly used 2006 rather than 2007.

[3] The Court is mindful that Mr. Nicholson is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[4] The only claims remaining are those against Officer Gliva and two unnamed Evans police officers.

2

26900 E. Colfax Ave. #159, Aurora, CO 80018.  Due to deficiencies in his original complaint, the Magistrate Judge directed Mr. Nicholson to file an amended complaint thirty days. (#2) The docket reflects that the Magistrate Judge's order was sent to the address that Mr. Nicholson specified:  26900 E. Colfax Ave. #159, Aurora, CO 80018.  Mr. Nicholson did not file an amended complaint within the thirty days. As a consequence, the case was dismissed on February 12, 2009 without prejudice. (#5)

After dismissal, Mr. Nicholson filed an amended complaint and two letters requesting that he be granted an extension of time in which to do so.  He alleged that he was not aware of the Magistrate Judge's Order because it had not been sent to his permanent address, but instead had been erroneously sent to the jail where he was intermittently housed.  Judge Weinshienk denied Mr. Nicholson's requests to extend the time for filing of an Amended Complaint.  Mr. Nicholson did not appeal the denial of his requests nor the dismissal of the action.  Instead, he filed this case on March 16, 2009.

### III.   Issue Presented

In the Motion to Dismiss, Officer Gliva argues that Mr. Nicholson's claims are barred because this action was not initiated within the applicable statute of limitations.  Officer Gliva argues that Mr. Nicholson's claims arose on or at the time the charges against him in the state court were dismissed, February 17, 2007.  In accordance with the applicable statute of limitations, Colo. Rev. Stat. § 13-80-102(1), Mr. Nicholson was required to file his claims within two years—no later than February 17, 2009.  Because Mr. Nicholson did not file this action until March 16, 2009, Officer Gliva contends his claims are barred and therefore must be dismissed.

Mr. Nicholson does not dispute that he was required to file his claims by February 17,

3

2009. However, he argues that because he previously asserted these claims in Civil Action No. 08-cv-02819, which was filed on December 31, 2008, the Court should deem his claims timely asserted. Again, construing this argument liberally, the Court understands it to be one requesting tolling of the statute of limitations period during the pendency of the prior action.

The issue is whether Mr. Nicholson's claims is this action are barred by the applicable statute of limitations or such period is tolled.

### IV.   Analysis

Mr. Nicholson's claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 claims must be brought in compliance with the state law limitations period for personal injury claims. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Because the conduct occurred in Colorado and the action is brought in Colorado, the Colorado statute of limitations for personal injury claims applies. In Colorado, such claims must be asserted within two years of the time that they accrue. Colo. Rev. Stat. § 13-80-102(1); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Federal law determines the date on which the claim accrues and the limitations period begins to run. *See Mondragon*, 519 F.3d at 1082; *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

As noted earlier, Mr. Nicholson makes two claims in his Amended Complaint: (i) unconstitutional search and seizure; and (ii) unlawful imprisonment. The first claim is presumed to accrue when the conduct complained of occurs. *See Johnson & Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). In this case, the conduct complained of occurred on July 7, 2006 when Officer Gliva entered and searched Mr. Nicholson's hotel room. In accordance with Colorado's two-year statute of limitations period, to timely assert his claims Mr. Nicholson

was required to file his complaint by July 7, 2008.

The allegation of unlawful imprisonment could give rise to two types of claims and, thus can have two different accrual dates. *See Mondragon*, 519 F.3d at 1082–83. If a plaintiff was imprisoned pursuant to a legal but wrongful process, he may bring a claim akin to a tort claim of malicious prosecution under the Fourteenth Amendment's due process clause. In such a case, the claim accrues and the limitation period begins when the matter in conjunction with which a plaintiff was imprisoned is resolved in favor of the plaintiff. If a plaintiff was imprisoned without any legal process, he may bring a claim pursuant to the Fourth Amendment analogous to a tort claim for false imprisonment or false arrest.[5] The limitations period for this type of claim begins either on the date the victim is released from imprisonment or the date that sufficient legal process is completed against the victim, *i.e.*, the date he is bound over.

Mr. Nicholson's claims are akin to the first type of claim because he alleges that he was seized and imprisoned as the result of legal process, but that the search that led to his seizure violated his constitutional rights. As such, his claim accrued and the limitations period began to run on February 17, 2007, the date when the state charges against Mr. Nicholson were dismissed. The Colorado statute of limitations required Mr. Nicholson to assert his claims by February 16, 2009.[6] This action was filed on March 16, 2009, outside the limitation period.

---

[5] A Fourth Amendment claim against state law enforcement is technically also a Fourteenth Amendment claim as it is through the Fourteenth Amendment that the Fourth Amendment's protections are applied against the state. For ease of reference, however, the Court will use refer to this type of claim as a Fourth Amendment claim.

[6] Mr. Nicholson's claim would be also untimely if it were construed as a Fourth Amendment claim as the limitations period would expire on the same date. For a Fourth Amendment claim, the limitations period would begin to run, at the latest, on the date that Mr. Nicholson was released—again, February 17, 2007. Thus, the period would also expire on February 17, 2009.

Mr. Nicholson argues that he timely asserted his claim in another action in this court, Civil Action No. 08-cv-02819 filed on December 31, 2008. Although that action was dismissed, Mr. Nicholson contends that the relevant date for statute of limitations purpose is the date that the prior action was initiated.

The Court has construed Mr. Nicholson's argument as one requesting tolling of the statute of limitations. Viewed in the regard, the Court finds no authority in Colorado statute or caselaw that mandates such result.[7] To the extent that the Court could invoke the doctrine of equitable tolling, it declines to do so because the facts upon which Mr. Nicholson requests relief are not established by the record.

At its core, Mr. Nicholson's argument for equitable tolling is that his prior case was dismissed because he did not timely amend his complaint, and he did not timely amend his complaint because he did not receive the Magistrate Judge's order that he do so. He contends that the order was not sent to his permanent address that he had supplied to the Court.

Unfortunately, the record in Civil Action No. 08-cv-02819 does not support Mr. Nicholson's factual contention. The docket clearly indicates that the Magistrate Judge's order to cure deficiencies was sent to the address that Mr. Nicholson specified:  26900 E. Colfax Ave. #159, Aurora, CO 80018. In addition, Mr. Nicholson does not offer any explanation as to how

---

[7] Colorado law provides that unless expressly allowed by statute, the statute of limitations is not tolled during the pendency of an action that is ultimately dismissed without prejudice. *See Dalal v. Alliant Techsystems*, 934 P.2d 830, (Colo. 1996); *King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982). There is no statute expressly providing for tolling during the pendency of a prior personal injury lawsuit.

The Court notes that Colo. Rev. Stat. § 13-80-111 provides that if an action is commenced within the period specified by a statute of limitations but the action is later dismissed due to lack of jurisdiction or improper venue, a plaintiff may refile the action within ninety days or the remainder of the statute of limitations, whichever is greater. This statute does not apply to this case, however, because Civil Action No. 08-cv-02819 was not dismissed for lack of jurisdiction or improper venue.

he became aware of the need to amend his complaint. Thus, in the absence of an entry in the docket that the mailing was returned to the Court, the Court must assume that it reached the address designated by Mr. Nicholson and that he received it there.

For these reasons, the Court finds that the pendency of Civil Action No. 08-cv-02819 did not toll the applicable statute of limitations. The period for assertion of Mr. Nicholson's claims in this action expired on February 17, 2009. Because this action was not initiated by that date, his claims are barred.

The claims against the two unnamed Evans police officer defendants suffer from the same defect. In addition, these defendants have neither been identified, served within 120 days of the date the complaint was filed as required under Fed. R. Civ. P. 4(m), nor has Mr. Nicholson requested an extension of time to serve them. Accordingly, they are dismissed.

**IT IS THEREFORE ORDERED** that

(1) Officer Gliva's Motion to Dismiss **(#22)** is **GRANTED**. All claims in this action are **DISMISSED**.

(2) The Clerk of Court shall close this case.

Dated this 23rd day of February, 2010

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge